**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**                                                                                       **Case No. 6:13-cv-1472-Orl-36KRS**

**MICHAEL G. NICHOLA,**

        **Defendant.**
_____

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **DEFENDANT'S AMENDED MOTION FOR MORE DEFINITE STATEMENT (Doc. No. 11)**
>
> **FILED:**  November 13, 2013
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.  INTRODUCTION.

In the complaint and attached exhibit, Plaintiff United States of America alleges that, on or about October 1, 1989, Defendant Michael G. Nicola executed a promissory note to secure a loan of $51,100.00 from the Student Loan Marketing Association. The loan was disbursed on September 19, 1990 at the rate of 9% per annum. The loan was guaranteed by Sallie Mae and then reinsured by the Department of Education. The holder demanded payment according to the terms of the note and credited $795.25 to the outstanding principal owned on the loan. Nicola defaulted on the obligation

on June 24, 1993, and the holder filed a claim on the loan guarantee. The guaranty agency paid the claim in the amount of $70,831.81 to the holder of the note. The guaranty agency was reimbursed for the claim by the Department of Education. Demand was made to Nicola by the guarantor to collect the full amount due. On September 16, 1999, the guarantor assigned the right and title to the loan to the Department of Education. Since the assignment, no payments have been credited. Accordingly, it is alleged that Nicola owed $185,501.30 with interest accruing on the principal amount of $70,831.81 at the rate of $17.45 per day as of the date the complaint was filed. Doc. No. 1.

In the above-referenced motion, Nicola asks that the Court require the United States to provide a more definite statement. He seeks the following information: (1) whether the Secretary of the Department of Education or his designee authorized the filing of the present case; (2) whether the cause of action asserted is breach of contract; (3) whether the United States has possession of the original promissory note; (4) whether all conditions precedent to filing suit have been fulfilled, including verifying the terms of the promissory note; and (5) whether the promissory note is valid and has been endorsed or assigned to the United States. Doc. No. 11. The United States objects to the requested relief. Doc. No. 12.

## II.   ANALYSIS.

> Pursuant to Federal Rule 12(e), a party may move for a more definite statement of a pleading to which a responsive pleading is allowed "but which is so vague or ambiguous that the party cannot reasonably prepare a response." In view of the liberal pleading and discovery requirements set forth in the Federal Rules of Civil Procedure, federal courts disfavor these motions.

*United States v. Wernow*, No. 6;13-cv-884-Orl-36DAB, 2013 WL 4402976, at * 2 (M.D. Fla. Aug. 14, 2013)(citing *Parks v. Experian Credit Bureau*, No. 6:09-cv-1284-19DAB, 2010 WL 457345, at * 2 (M.D. Fla. Feb. 4, 2010)).

The elements of the claim of breach of a promissory note are clear under the law. The government must show that the defendant signed the note, the government is the present owner or holder of the note, and the note is in default. *Id.* In this case, the United States alleged that Nicola signed the promissory note, that the United States, through the Department of Education, is the present owner of the note, and that the note is in default. There is no requirement that the United States attach a copy of the note to the complaint or otherwise produce a copy of it at the pleading stage of the case. *Id.*, at *1, 3 n. 2.

Because the complaint sufficiently alleges the cause of action and facts supporting each element of the cause of action, the motion for a more definite statement is not well taken. *Cf. id.*, at * 3 ("'Pleadings are not too vague or ambiguous to enable a defendant to frame a responsive pleading where the type of information the defendant claims is missing would be more properly obtained via discovery rather than through a motion for a more definite statement.'")(quoting *Zolin v. Caruth*, No. 3:09-cv-38-WS, 2009 WL 2982907, at *4 (N.D. Fla. Sept.14, 2009)).

**DONE** and **ORDERED** in Orlando, Florida on November 27, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE