UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NUMBER: 6:13-CV-1472-ORL-36-KRS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL G. NICHOLA,

    Defendant.

_____/

### DEFENDANT'S DECLARATION OF FACTS IN RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 1746 and Fed. R. Civ. P. 56, the Defendant, Michael G. Nichola, *pro se,* declares that:

1. I am not indebted to the United States Department of Education.

2. I am not in default under the Plaintiff's Exhibit C attached to the Plaintiff's Motion for Summary Judgment (Doc. 15, pages 12 and 13).

3. Plaintiff's Exhibit C attached to the Plaintiff's Motion for Summary Judgment (Doc. 15, pages 12 and 13) does not contain clear, concise, and simple language to facilitate an understanding of loan terms and conditions by applicants, and in this case, I would never have signed such an illegible document, and the document is invalid for being in violation of 20 U.S.C. § 1082(m)(1)(A) and (B).

4. Plaintiff's Exhibit C attached to the Plaintiff's Motion for Summary Judgment (Doc. 15, pages 12 and 13), is not a promissory note that is valid in accordance with 20 U.S.C. § 1082(m)(1)(A) and (B), nor valid under Florida law.

Defense
Exhibit A

5. Plaintiff's Litigation Support Loan Analyst Peter La Roche certified as to what U.S. Department of Education records show in the Plaintiff's Exhibit C attached to the Plaintiff's Motion for Summary Judgment (Doc. 15, pages 12 and 13), but Mr. La Roche did not certify as to the accuracy of the recordings or entries made in the records, and I dispute the accuracy of the recording and entries in the records.

6. Since I have not had the opportunity to inspect and review the records to which Mr. La Roche certified, I cannot agree to what is in the records contain that to which Mr. La Roche certified.

7. The Plaintiff filed suit in this case more than eight years after my father, Thomas Nichola, became deceased, and more than thirteen years after my uncle, Charles Nichola, became deceased.

8. My father and uncle and me had over $100,000 deposited in Marquette Credit Union in Woonsocket, Rhode Island, when then Rhode Island Governor Bruce Sundlun ordered a bank holiday on January 1, 1991, and closed the Rhode Island Share and Deposit Indemnity Corporation, which effectively prevented members/depositors from withdrawing money from Marquette Credit Union and certain other state chartered financial institutions. The Rhode Island Deposit Economic Protection Corporation was created to liquidate the closed state chartered financial institutions. Over time, $100,000 was returned to my father and uncle and me. If more than one member held deposits in one account, the return of deposits up to $100,000 were mailed to one member.

9. My father, Thomas Nichola, and my uncle, Charles Nichola, paid my student loans in full before my uncle became deceased on August 19, 2000. Documentation of

payment included receipts/copies of certified or cashier/bank/credit union check as proof of payment and promissory notes received from lenders. My uncle possessed the documentation of payment and during a sundowning episode prior to his death tore up and flushed papers down a toilet which included documents from a file labeled "Student Loan Payoff."

10. Since both my father and uncle are deceased, I cannot have them execute affidavits to establish facts essential to show payment of all of my student loans. Nevertheless, in addition to my declaration, I can attempt to determine whether records of payment may be in the possession of the issuer of the check used as payment. Also, since my uncle was a pharmacist at the VA Hospital in Providence, Rhode Island, and he moonlighted at numerous pharmacies in northern Rhode Island, he was well known as was my father, and I can attempt to locate the cashier/teller involved in the issuance of the check used in payment in order to obtain a declaration from the witness.

11. Many records were disposed of since the death of my uncle in 2000 and father in 2005, but I have some records that I am searching through to locate relevant records.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 1/22/2014

Michael G. Nichola