UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NUMBER: 6:14-CV-1472-ORL-40-KRS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL G. NICHOLA,

    Defendant.
_____/

**DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND MEMORANUM IN SUPPORT OF MOTION TO EXTEND TIME AND
DECLARATION BY DEFENDANT**

Pursuant to Fed. R. Civ. P. 56(d)(2), the Defendant, Michael G. Nichola, moves to extend time to respond to the Plaintiff's Motion for Summary Judgment for good cause which includes the extraordinary circumstance that the Plaintiff has been nonresponsive to the Defendant's request for the production of the original alleged promissory note. The Defendant has attempted in good faith to obtain an opportunity to inspect the original alleged promissory note on which the Plaintiff claims its action against the Defendant is based in this case, but the Plaintiff has remained evasive and not provided the opportunity to the Defendant to inspect an original document, which is treated as a failure to respond under Fed. R. Civ. P. 37(a)(4). The Defendant has therefore filed a Motion to Compel a Discovery Response from the Plaintiff (Doc. 35) to obtain a response from the Plaintiff that would allow the Defendant to inspect the original alleged promissory note upon which the Plaintiff's action against the Defendant is based. In additional to the need to inspect the original alleged promissory note, the Defendant had been

making discovery requests directed toward the Plaintiff in a sequential manner in an attempt to learn why the Plaintiff refuses to recognize payment was made on behalf of the Defendant in this case. And the Defendant has been researching and investigating the availability of proof of payment and to show that the Plaintiff's claim is flawed. To date the Defendant developed several leads to where to find documents of evidentiary value to establish material facts in this case and the Defendant made progress to locate individuals who were involved in the preparation of the payment used to make payment of the Defendant's student loans and receipt and maintenance of the promissory notes. If the Court extends the time for the parties to complete discovery, the parties should be able to settle their disputes in this case. The Defendant's request is not for purposes of delay, but rather for the purpose to obtain a just resolution in this case. The Plaintiff objects to an extension of time to complete discovery, and the Defendant contends the Plaintiff's position has no merit when the Plaintiff filed suit long after proof of payment became no longer available after the Plaintiff knew or should have know that payment was made and the Defendant denied the Plaintiff's claim that the Defendant was in default. The Plaintiff knew or should have known that FDIC regulations required banks to keep records for seven years, and financial institutions contacted by the Defendant advised the Defendant that bank records are no longer available after seven years and the persons who made payment for the Defendant became deceased nine or more years ago.

**Memorandum in Support of Defendant's Motion to Extend Time**

I. **Introduction, Procedural Posture of Case, and Facts**

The Plaintiff filed a Complaint against the Defendant and alleged the Defendant executed a promissory note, failed to pay on the promissory note and defaulted on the alleged promissory note (Doc. 1). The Defendant filed an answer denying the Plaintiff's allegations and asserted

affirmative defenses (Doc. 14). The Plaintiff filed a Motion for Summary Judgment (Doc. 15) and the Defendant filed a Response in Opposition to the Plaintiff's Motion for Summary Judgment (Doc. 17). The parties could not reach an agreement on stipulated material facts and material facts remain in dispute (Doc. 22 and 23).

The discovery in this case so far includes the Defendant's First Set of Request for Production to Plaintiff for Documents (certificate of service June 30, 2014), Defendant's First Set of Interrogatories to Plaintiff (certificate of service June 30, 2014), Plaintiff's Request for Production (certificate of service July 2, 2014), Plaintiff's Response to Defendant's Request for Production (certificate of service July 30, 2014), Plaintiff's Answer to Defendant's Interrogatories (certificate of service July 7, 2014), Defendant's Response to Plaintiff's Request for Production (certificate of service August 3, 2014), Defendant's Second Set of Requests for Production to Plaintiff for Documents (certificate of service of July 31, 2014), and Defendant's Second Set of Interrogatories to Plaintiff (certificate of service July 31, 2014).

The Defendant's First Set of Request for Production to Plaintiff for Documents (certificate of service June 30, 2014), requested production of the original alleged promissory note so that the Defendant may inspect and copy of document, but the Plaintiff responded with the offer to inspect "... a certified copy ..." which happens to be the same illegible copy of a paper used as Exhibit C to the Plaintiff's Motion for Summary Judgment.

The Defendant inquired about an opportunity to inspect an original rather than a "certified copy" of the requested document and the Plaintiff advised that original is kept in a warehouse and is never produced for inspection. The Defendant advised the Plaintiff of the Defendant's need to inspect the original alleged promissory note because the Defendant asserts payment of student loans and receipt of promissory notes, and since financial institutions advised the

Defendant that no records of payments were kept beyond seven years and the persons who paid the student loans are deceased and made payment more than seven years ago, the Defendant needs to inspect the original alleged promissory note upon which the Plaintiff filed suit so as to enable the parties to assess the validity of the Plaintiff's claim and the Defendant's defense.

The Court referred the pending motion for summary judgment to the Magistrate for a Report and Recommendation (Doc. 33) on the Plaintiff's Motion for Summary Judgment, which will be taken under advisement on August 8, 2014, by the Magistrate (Doc. 34).

The Plaintiff advised the Defendant that the Plaintiff objects to an extension of time to complete discovery and that the Plaintiff is researching what to do about the refusal to produce the original alleged promissory note and will advise the Defendant of details when the Plaintiff finds out the details. The Defendant asserts that the Plaintiff's position is evasive and treated as a refusal to produce, and the Defendant suspects and asserts that the Plaintiff does not have an original alleged promissory note because the original was returned to the Defendant when payment was made.

The Defendant filed a Motion to Compel a Discovery Response from the Plaintiff (Doc. 35) in order to get the Plaintiff to either confess it has no original alleged promissory note in this case or produce the original alleged promissory note for the Defendant to inspect and copy. The Defendant also sent interrogatories to the Plaintiff to ascertain what happened to the original alleged promissory note according to the Plaintiff, and is awaiting the return of the plaintiff's answers, which are expected to raise more questions than answers.

At this time as previously declared, the Defendant declares that payment was made, the Defendant is not in default, that the Plaintiff has evidence in its possession to show payment was made on behalf of the Defendant, that Louise Nichola and Genevieve Jackson are persons who

possess information to show that payment in full of student loans were made on behalf of the Defendant, and original promissory notes are shortly to become available for the Defendant to produce in opposition to the Plaintiff's Motion for Summary Judgment and affidavits or Declarations of these facts by other witnesses will soon be available as both Louise Nichola and Genevieve Jackson are elderly but are persons with first-hand knowledge of the events surrounding the payment of the student loans in full. Continuing investigation and discovery will enable the Defendant to present affidavits and declarations about essential facts to oppose the Plaintiff's Motion for Summary Judgment.

**II.     Legal Analysis**

Fed. R. Civ. P. 56 (d), which is entitled *WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT*, provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Id.

The Defendant declares the specified reasons in this motion and memorandum show that essential facts cannot be presented in opposition to the Plaintiff's Motion for Summary Judgment at this time and a just resolution of this case for the parties will result if the parties are allowed additional time to complete discovery. The Defendant respectfully requests that the Court order the parties to confer and prepare a schedule for discovery to be completed.

Fed. R. Civ. P. 37(a)(4) is entitled *Evasive or Incomplete Disclosure, Answer, or Response,* and provides that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Id.

The Plaintiff has not allowed the Defendant to inspect an original alleged promissory note, but rather provided an evasive and incomplete disclosure by allowing the Defendant to view the same illegible copy of paper that was attached as Exhibit C to the Plaintiff's Motion for Summary Judgment (Doc. 15), and the Plaintiff's response is treated as a failure to disclose under Fed. R. Civ. P. 37(a)(4).

The Plaintiff's acknowledgment that it does not have an original alleged promissory note denies the Defendant material evidence of fact that would tend to prove the Defendant's claim that the Defendant made payment and received promissory notes after payment was made by or on behalf of the Defendant. The Plaintiff's actions not only violate Fed. R. Civ. P. 34, but also unfairly prejudice the Defendant.

### III.  Conclusion

The Defendant respectfully requests the Court to extend the time to allow the parties to complete discovery in this case and that the Court order the parties to confer to agree to a schedule for discovery to be completed.

### IV.  Declaration

I declare under penalty of perjury pursuant to 28 U.S.C. 1746(2), that foregoing is true and correct. Executed on August 7, 2014.

*[signature]*

Michael G. Nichola, *Pro Se*
800 North Ferncreek Avenue

Orlando, Florida 32803
Telephone: 407-895-9220
E-mail: mnichola@cfl.rr.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

_____
Michael G. Nichola, *Pro Se*
800 North Ferncreek Avenue
Orlando, Florida 32803
Telephone: 407-895-9220
E-mail: mnichola@cfl.rr.com