# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                          **Case No: 6:13-cv-1472-Orl-40KRS**

**MICHAEL G. NICHOLA,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT (Doc. No. 61)
>
> **FILED:** January 20, 2015
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

### I. PROCEDURAL HISTORY.

The United States of America filed a complaint in this case against Michael G. Nichola, alleging that Mr. Nichola failed to pay a student loan debt to the United States Department of Education ("Department"). Doc. No. 1. Mr. Nichola, who is an attorney representing himself in this case, appeared and filed an answer and affirmative defenses. Doc. No. 14. He has contended throughout this litigation that, if he signed a promissory note to borrow funds for his education, the loan was fully repaid by his father and his uncle, both of whom are now deceased. *See, e.g.,* Doc. No. 17, at 5; Doc. No. 17-1, at 1-3; Doc. No. 27, at 5.

After the United States filed its first motion for summary judgment (Doc. No. 15), Mr. Nichola sought an enlargement of time to respond to conduct discovery (Doc. No. 36). The United States later withdrew the motion for summary judgment (Doc. No. 52), and I issued a Track One scheduling order providing time for discovery before dispositive motions were due (Doc. No. 55).

On January 20, 2015, the United States filed its second motion for summary judgment (hereinafter, the "Motion"). Doc. No. 61. I issued a *Milburn* order advising Mr. Nichola of the time within which he must respond to the motion. Doc. No. 62. In a subsequent order, I reminded Mr. Nichola that his response to the Motion must be supported by sworn statements upon personal knowledge as required by Federal Rule of Civil Procedure 56(c)(4). Doc. No. 64. I also permitted the United States to file a reply to Mr. Nichola's response to the Motion. *Id.* at 2.

Mr. Nichola filed a verified response to the Motion on February 19, 2015. Doc. No. 63, at 1-12. In support of his response, Mr. Nichola filed his declaration with supporting exhibits (Doc. Nos. 65 & 65-1 through 65-9), a declaration of facts (Doc. No. 63, at 13-16), and, subsequently, an amended declaration (Doc. No. 66).

The United States filed a reply to Mr. Nichola's response on March 19, 2015. Doc. No. 69.

The presiding District Judge has referred the Motion to me for issuance of a Report and Recommendation. The motion is now ripe for review.

**II.    EVIDENTIARY OBJECTIONS**.

Both Mr. Nichola and counsel for the United States object to evidence filed in support of and in opposition to the Motion.

### A. *Mr. Nichola's Objections to the Certification of Indebtedness.*

Exhibit A to the Motion is entitled "Certificate of Indebtedness #1 of 1" ("Certificate of Indebtedness"). In this document, Laura Bevan, a loan analyst employed by the Department, declares under penalty of perjury that the Department's records show the facts stated therein. Doc. No. 61, at 10.

Mr. Nichola objects to the Certificate of Indebtedness as inadmissible on the following grounds: (1) Ms. Bevan did not declare that she had personal knowledge of the information contained in the Department's records; (2) Ms. Bevan did not present facts sufficient to show that the Department's records she relied on are business records within the meaning of Federal Rule of Evidence 803(b)(6); and (3) Ms. Bevan did not provide any statement about the reliability and accuracy of the Department's records on which she relied. Doc. No. 63, at 4-5.

Actions to collect debts owed to the federal government, including student loan debts, fall under the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3001(a). The FDCPA provides that that any affidavit required of the United States need not be made on personal knowledge if it establishes with particularity to the Court's satisfaction, facts supporting the claim of the United States. 28 U.S.C. § 3006. Therefore, the objection to the Certification of Indebtedness because it was not made on personal knowledge is not supported by the law if the Certificate of Indebtedness otherwise is sufficiently particularized and trustworthy.

Federal Rule of Evidence 803(8) provides an exception to the rule against hearsay for public records. This exception permits a record or statement of a public office to be admitted if, among other things, it sets out the office's activities and the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness. "Justification for the exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record." Fed. R. Evid. 803(8), 1972 advisory comm. note.

Ms. Bevan is an employee of the Department. Doc. No. 65-2, at 7-8 (United States' Answers to Defendant's Interrogatories). She has access to the information and records maintained by the Department supporting the information in the Certificate of Indebtedness. *Id.* The Certificate of Indebtedness is, therefore, a statement of a public office. *See, e.g., United States v. Hennigan*, No. 6:13-cv-1609-Orl31DAB, 2015 WL 2084729, at *8 (M.D. Fla. Apr. 30, 2015) (citing *United States v. Wright*, 850 F. Supp. 965, 967 (D. Utah 1993)).

The loan that is the subject of the Certificate of Indebtedness was a consolidation loan (the "Loan") taken out pursuant to the Federal Family Education Local Program ("FFELP"), formerly called the Guaranteed Student Loan Program ("GSLP"). Under the FFELP, lenders made the loans, guaranty agencies insured the loans, and the Department reinsured the guaranty agency. Doc. No. 65-2, at 4. Department regulations provide oversight of the FFELP loan program from a loan's inception forward. *Id.* at 6 (citing 34 C.F.R. pt. 382). This evidence is sufficient to establish that the matters set forth in the Certification of Indebtedness describe activities of the Department.

The burden now shifts to Mr. Nichola to show that the information contained in the Certificate of Indebtedness is not trustworthy. Fed. R. Evid. 803(8)(B). He raises several arguments about the trustworthiness of the Certificate of Indebtedness, one of which I recommend the Court find to be meritorious.

In the Certificate of Indebtedness Ms. Bevan averred that the Student Loan Marketing Association ("Sallie Mae") both made and guaranteed the Loan. Doc. No. 61, at 10. Mr. Nichola argues that this statement is incorrect, and his argument is supported by the record. Documents produced by the United States in discovery show that Sallie Mae processed a "TGSLC Claim Package of Default and Claim for Reimbursement." Doc. No. 65-4, at 2-5. The Texas Guaranteed Student Loan Corporation ("TGSLC") then began efforts to collect on the Loan. Doc. No. 65-5, at 1-4. A Hearing Decision regarding Mr. Nichola's request that federal payments due to him not be offset to pay a debt held by the Department confirms that Sallie Mae was the original lender and

that TGSLC was the guaranty agency. Doc. No. 65-8, at 2. These records support Mr. Nichola's argument that the Certificate of Indebtedness is incorrect, at least in part. Sallie Mae was the original lender and TGSLC was the guaranty agency.

This error undermines the trustworthiness of the entirety of the Certificate of Indebtedness because the Court cannot determine whether the Certificate of Indebtedness is true in all other respects. The United States has not filed the documents on which Ms. Bevan relied to prepare the Certificate of Indebtedness.[1] Therefore, a comparison of the facts in the Certificate of Indebtedness against the records of the Department is not currently possible.[2]

Because there is an error in the Certificate of Indebtedness, I recommend that the Court sustain Mr. Nichola's objection to the Certificate of Indebtedness and not consider that document in resolving the Motion.

B. *Mr. Nichola's Objection to the Application/Promissory Note*.

Mr. Nichola objects to the copy of the Application/Promissory Note attached as Exhibit B to the Motion (the "Promissory Note") on the basis that it is hearsay, incomplete and difficult to read.

Exhibit B to the Motion is an uncertified and unauthenticated copy of the Promissory Note. Doc. No. 61, at 11-14. If the document were complete, the Court might find that it could be authenticated and rendered into admissible form at trial. *See, e.g., Macuba v. DeBoer*, 193 F.3d

---

[1] Because the document is erroneous as written, I recommend that the Court find that it cannot be converted to an admissible form at trial.

[2] Mr. Nichola also argues that all of the records of the Department regarding student loans are not trustworthy because the Department accepts electronic data about student loans that has errors in it. In the United States' answers to Mr. Nichola's interrogatories, it explained that it conducts additional verification of the electronic data to ensure that the information about a specific loan is accurate and complete before accepting assignment of the debt. Doc. No. 65-2, at 10. The additional verification steps undermine Mr. Nichola's argument that the Department's records regarding student loans are untrustworthy as a whole simply because the electronic data initially received contained errors.

1316, 1322-23 (11th Cir. 1999); *Lamar Co., L.L.C. v. City of Marietta*, 538 F. Supp. 2d 1366, 1377 (N.D. Ga. 2008).

However, the photocopy of the document filed in support of the Motion is missing a portion of the terms of the bottom of the first page of the Statement of Rights and Responsibilities. Doc. No. 61, at 13. Language on the first page of the photocopy is obscured by what appears to be a sticker, and language on third page of the document is obscured by a stamp. *Id.* at 11, 13. An incomplete document is improper summary judgment evidence. *Luque v. Hercules, Inc.*, 12 F. Supp. 2d 1351, 1358 (S.D. Ga. 1997).[3] Therefore, I recommend that the Court sustain Mr. Nichola's objection to the United States' reliance on an incomplete copy of the Promissory Note.

  C.  *United States' Objections to Use of Documents It Produced in Discovery.*

Counsel for the United States argues that Mr. Nichola may not rely on documents produced by the United States in support of his declarations because those documents are hearsay. Doc. No. 69, at 2. To the extent that the objection relates to documents produced by the United States in discovery, I recommend that the objection be overruled. The United States does not object to the authenticity of the documents on which Mr. Nichola relies, nor could it reasonably do so to the extent that it produced the documents in discovery. *United States ex rel. WFI Ga., Inc. v. Gray Ins. Co.*, 701 F. Supp. 2d 1320, 1332 (N.D. Ga. 2010), *aff'd*, 453 F. App'x 905 (11th Cir. 2011). As to the hearsay objection, evidence produced by a non-moving party to avoid summary judgment need not be in admissible form if it can be reduced to admissible form at trial. *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1444 (11th Cir. 1991). The United States has presented no

---

[3] Earlier in this case, the United States filed a Notice of Filing More Legible Copy of Promissory Note. Doc. No. 48. This filing purports to attach copies of promissory notes of other borrowers that contained the same terms as the Promissory Note relied on by the United States in support of its Motion. Because there is no sworn statement attesting that the terms of the documents attached to the notice are exactly the same as the terms of the Promissory Note that are missing or obscured, I recommend that the Court find that these documents are insufficient evidence to render the Promissory Note complete.

evidence or legal authority showing that the documents that Mr. Nichola filed which were produced by the United States in discovery cannot be reduced to admissible form at trial.

It is unclear whether the United States also objects to Mr. Nichola's reliance on its answers to his interrogatories. These answers are admissions of a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(A) and are, therefore, not hearsay. Therefore, to the extent that United States asserted a hearsay objection to use of its answers to interrogatories, I recommend that the objection be overruled.

    D. *United States' Objections to Mr. Nichola's Sworn Statements.*

Federal Rule of Civil Procedure 56(c)(4) requires that an affidavit or declaration used to oppose a motion for summary judgment must be made on personal knowledge. The United States objects to Mr. Nichola's sworn statements because they are not made on personal knowledge and appear, in many respects, to be based on hearsay.

In his declaration authenticating documents, Mr. Nichola did not attest that he had personal knowledge of the facts therein. Doc. No. 65. However, he did aver that he received certain documents attached to his declaration in discovery from the United States. *See, e.g., id.* at 1, 4, 7. As discussed above, it appears that these documents could be rendered into admissible evidence at trial. Mr. Nichola also presents facts that appear to be based on personal knowledge, including that he mailed a document to the Department. *Id.* at 11. He could testify to this information at trial. However, other parts of the declaration contain argument and legal authority, which are not appropriately part of a sworn statement. *See, e.g., Jones v. UPS Ground Freight*, 683 F.3d 1283, 1301 n.46 (11th Cir. 2012); *Short v. Mando Am. Corp.*, 805 F. Supp. 2d 1246, 1264 (M.D. Ala. 2011).

In his verified response to the Motion (Doc. No. 63, at 1-12) and in his declaration of facts (*id.* at 13-16), Mr. Nichola did not aver that all of the facts set forth therein were based on his personal knowledge. In his amended declaration, Mr. Nichola declared that "I know" the facts

stated therein. Doc. No. 66, at 1. However, he did not state the basis for his personal knowledge as to all of the facts set forth in the amended declaration as required by the law. *See Colonial Pac. Leasing Corp. v. N&N Partners, LLC*, 981 F. Supp. 2d 1345, 1354 (N.D. Ga. 2013) (citing *Kelly v. Curtis*, 21 F.3d 1544, 1555 (11th Cir. 1994)).

It is evident from Mr. Nichola's filings that some of the "facts" he relies on cannot be rendered into admissible evidence at trial. For example, neither Mr. Nichola's father nor Mr. Nichola's uncle can testify that they paid Mr. Nichola's student loans in full; both of these individuals are deceased. *See* Doc. No. 63, at 14. Similarly, Louise Nichola may be able to testify from personal knowledge that she contributed money to pay Mr. Nichola's student loans, and Genevieve Jackson may be able to testify from personal knowledge about the purchase or issuance of negotiable instruments to pay Mr. Nichola's student loans. Doc. No. 63, at 15. However, Mr. Nichola has not offered an affidavit or declaration from either of these witnesses, so the evidence is insufficient to determine whether the information these witnesses possess can be rendered into admissible evidence at trial. The verified response, declaration of facts, and amended declaration also include conclusory statements and arguments that are not appropriately part of a sworn statement as discussed above.

Nevertheless, there are some statements in Mr. Nichola's sworn statements that do appear to be within his personal knowledge. Specifically, Mr. Nichola declares, "I did view the original promissory notes, and the original note in question was on legal size paper." Doc. No. 63, at 16; *accord* Doc. No. 66, at 1. He also attests, "I have seen the original promissory note that is the subject of this lawsuit after it was returned to me after payment in full . . . ." Doc. No. 66, at 1.

Accordingly, the objections to Mr. Nichola's sworn statements are due to be granted as to the portions of those statements that contain arguments, legal and factual conclusions, and facts that are not supported by a showing of how Mr. Nichola has personal knowledge of those facts. The

Court is able to determine which parts of those sworn statements may be considered for purposes of resolving the Motion.

### III. ANALYSIS.

#### A. *Legal Standard.*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial burden of identifying for the district court those portions of the record 'which it believes demonstrate the absence of a genuine issue of material fact.'" *Cohen v. United Am. Bank of Cent. Fla.*, 83 F.3d 1347, 1349 (11th Cir. 1996) (quoting *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1396 (11th Cir.), *modified on other grounds*, 30 F.3d 1347 (11th Cir. 1994)).

Once the movant meets its initial burden, the non-movant may avoid summary judgment by demonstrating an issue of disputed material fact. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). The court draws all reasonable inferences from the evidence in the light most favorable to the non-movant and resolves all reasonable doubt in the non-movant's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citing *Lubetsky v. Applied Card Sys., Inc.*, 296 F.3d 1301, 1304 (11th Cir. 2002)).

#### B. *The United States Has Not Carried Its Burden.*

To recover on a promissory note, the government must show three elements: (1) the defendant signed a promissory note for a student loan; (2) the United States is the present owner or holder of the note; and (3) the note is in default. *United States v. Carter*, 506 F. App'x 853, 858 (11th Cir. 2013) (per curiam) (citing *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)); *see also United States v. Romero*, 562 F. App'x 943, 948 (11th Cir. 2014) (per curiam).[4]

---

[4] Unpublished opinions from the United States Court of Appeals for the Eleventh Circuit are cited herein as persuasive authority.

       1.      <u>First Element of Proof</u>.

Shelli Dawn Scaniffe, a general attorney in the Office of General Counsel of the Department, averred that the Department possesses "a legal and valid promissory note signed by the Defendant to pay off via loan consolidation loans he incurred for attendance at the University of Miami, and that the sums to be loaned were disbursed on his behalf." Doc. No. 65-2, at 7-8. This establishes the first element.

       2.      <u>Second Element of Proof</u>.

There is a genuine dispute of material fact regarding whether the United States is the present owner or holder of the Promissory Note, which is the second element of proof. The record reflects that the United States is not in possession of the original promissory note because it was not transferred to the Department due to its poor condition. *See, e.g.,* Doc. No. 65-1, at 2. Mr. Nichola presented evidence that, during the time period in question, the Department's practice was to return an original promissory note or certified copy to the borrower upon payment in full of the debt only if the borrower so requested. Doc. No. 65-2, at 6. Mr. Nichola avers that he saw the original Promissory Note when it was returned to him after it was paid in full. Doc. No. 66, at 1. This presents a credibility question about whether the United States is presently the holder and owner of the Promissory Note or whether the original Promissory Note was returned to Mr. Nichola. This credibility question cannot be resolved on summary judgment.

       3.      <u>Third Element of Proof</u>.

The record includes a letter from the Department to Mr. Nichola stating that, as of 2003, the note was in default. Doc. No. 65-6, at 2-3. Mr. Nichola disputes that he was in default based on the definition of default in the Promissory Note. He contends that the Promissory Note requires the United States to establish that for 180 days he had an intent not to pay the monies owed.

If the Court accepts the recommendation that it not consider the incomplete Promissory Note for purposes of summary judgment, this legal dispute regarding the third element of proof cannot be resolved.

If the Court elects to consider the Promissory Note, Mr. Nichola's argument fails.  A legible portion of the Promissory Note defines Default as follows:

> "Default" means the failure of a borrower to make an installment payment when due, or to meet other terms of the promissory note under circumstances where the Secretary or guarantor finds it reasonable to conclude that the borrower no longer intends to honor the obligation to repay, provided that this failure persists for –
>
> 1.   180 days for a loan repayable in monthly installments . . . .

Doc. No. 61, at 13.  Mr. Nichola submitted a Hearing Decision dated October 24, 2004 regarding his request not to offset federal payments owed to him to pay a debt held by the Department.  Doc. No. 65, at 12; Doc. No. 65-8.  In that decision, the Department found that that Mr. Nichola did not make payments when due to Sallie Mae resulting in the loan being declared in default.  TGSLC paid an insurance claim to Sallie Mae.  TGSLC subsequently assigned the debt to the Department on September 16, 1999.  The Department did not receive any payments on the debt after assignment through October 24, 2004, the date the Hearing Decision was issued.  Accordingly, the Department found that Mr. Nichola was in default.  Doc. No. 65-8, at 2-3.  If the Court elects to consider the Promissory Note for purposes of summary judgment, then I recommend that the Court find that the record is sufficient to establish that Mr. Nichola was in default for failure to make installment payments when due, the failure to pay existed for more than 180 days, and that the Secretary of the Department found it reasonable to conclude that Mr. Nichola no longer intended to honor his obligations.

C.  *Mr. Nichola's Legal Objection.*[5]

Mr. Nichola contends that counsel for the United States has not shown that he was authorized to file this case.  First, Mr. Nichola cites no legal authority giving him standing to question whether the Department made a decision to authorize the filing of this case.

Second, the Secretary of the Department is authorized by regulation to refer a debt owed to the United States to the Department of Justice for compromise, collection, or litigation.  34 C.F.R. § 30.1(a)(3).  Michael Illes, a senior loan analyst employed by the Department, averred in response to one of Mr. Nichola's interrogatories that Steven Davis, Esq., counsel for the United States in this case, authorized the filing of this case based on the Promissory Note and Title 28 of the Code of Federal Regulations, which permits the Department of Justice to litigate and assign student loan cases to private counsel.  Doc. No. 65-1, at 2; *accord* 28 U.S.C. § 3718(b)(1)(A) ("The Attorney General may make contracts retaining private counsel to furnish legal services, including representation in negotiation, compromise, settlement, and litigation, in the case of any claim of indebtedness owed the United States.").  This is sufficient to establish that the Attorney General (or designee) hired Mr. Davis to file a complaint to collect on a student loan debt that the Department contends is owed by Mr. Nichola.

**IV.  RECOMMENDATION.**

For the reasons discussed above, I respectfully recommend that the Court find that the United States has not sustained its burden of proving that there are no genuine issues of material fact and, thus, that the United States is not entitled to entry of summary judgment in its favor.  If the Court

---

[5] I will not address the parties' disputes about whether attorney's fees and costs can be awarded. These are matters more appropriately addressed in motions filed after entry of judgment in this case.

accepts this recommendation, I further recommend that the Court issue an order requiring the parties to submit a Joint Final Pretrial Statement and setting this case for trial.

### NOTICE

**Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.**

Recommended in Orlando, Florida on June 22, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy