UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.: 6:13-CV-1472-ORL-36-KRS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

MICHAEL G. NICHOLA,

    Defendant.

Plaintiff, the United States of America, (the "United States"), by and through its undersigned counsel, Steven M. Davis, Private Counsel to the United States for the Middle District of Florida, hereby files its Motion for Reconsideration of the Magistrate's Report and Recommendations, Doc. 70, and states:

On June 22, 2015, the Magistrate issued a Report and Recommendation sustaining Defendant's objections to the trustworthiness of the Plaintiff's Certificate of Indebtedness and Promissory Note. The court determined that an error in the Certificate of Indebtedness averring incorrectly that Sallie Mae was the original lender and was the guaranty agency, when documents provided in discovery established that Sallie Mae was the original lender, but that the Texas Guaranteed Student Loan Corporation ("TGSLC:) was the guaranty agency, undermined the trustworthiness of the Certificate of Indebtedness. This Court also sustained the objection to the trustworthiness of the Promissory Note because the photocopy of said Promissory Note provided as attachment B to the Plaintiff's Motion for Summary Judgment was incomplete (missing portions and

other provisions obscured by a sticker and a stamp) and therefore, unable to be authenticated. Doc. No. 70 at 3-6.

Despite diligent efforts from July 2014 through March of 2015, at obtaining the original unobscured promissory note from Sallie Mae and the Department of Education, the undersigned was only provided with the photocopy that was at Attachment B to the Motion for Summary Judgment.[1] Finally, on June 26, 2015, upon further inquiry after this Court issued the Report and Recommendations, the Department of Education was able to locate the original promissory note and provided it to the undersigned. It turns out that the original was kept in a warehouse managed by a contractor in Texas. The contractor misunderstood the instructions to provide the original and instead provided the certified copy that was at Attachment B to the Motion for Summary Judgment. The undersigned now has received and reviewed the original Promissory Note. Attached to the Promissory Note is a letter from the Texas Guaranteed Student Loan Corporation dated August 8, 1999, making it clear that the loan was made by Sallie Mae but guaranteed by the Texas Guaranteed Student Loan Corporation (TGSLC). This letter was not included with the certified copy previously provided and attached to the Motion for Summary Judgment.

Admittedly, Mr. Nichola's attestation: "I have seen the original promissory note that is the subject of this lawsuit after it was returned to me after payment in full…" may create a factual issue necessitating a trial. However, there can be only one original and the undersigned is in possession of it. It is not marked "Paid".

---

[1] Specifically, on July 9, 2014, the undersigned was provided with a photocopy and was advised that the originals were in too poor of a condition to transfer and they were retained by Sallie Mae. Further inquiries were made on August 11, 2014 and the undersigned was advised that Sallie Mae no longer had the original note. On August 12, 2014, Sallie Mae advised that the original went to the Texas Guaranty Student Loan Agency in 1994. On March 23, 2015, upon further inquiry, the undersigned was informed again that the original could not be located.

CASE NO.: 6:13-CV-1472-ORL36-KRS

The undersigned submits that the recently received actual original Promissory Note and attached Letter from TGSLC should satisfy the Court's concerns regarding trustworthiness of the same. Therefore, Plaintiff respectfully requests that it be allowed to either supplement the record or withdraw and resubmit an additional Motion for Summary Judgment with a corrected Certificate of Indebtedness and Promissory Note. The undersigned apologizes for the inability to locate and produce the original promissory note in a more timely manner.

Respectfully submitted,

By: _____
Steven M. Davis, (Florida Bar No. 894249)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on **1st** day of July, 2015 to Michael G. Nichola at Law Office of Michael G. Nichola 800 North Ferncreek Avenue, Orlando, Florida 32803.

_____
Steven M. Davis, Esq.
Attorneys for Plaintiff United States of America
Email: sdavis@becker-poliakoff.com
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305)262-4433
Facsimile: (305) 442-2232

ACTIVE: U06092/347521:6853940_1