# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                      **Case No:   6:13-cv-1472-Orl-40KRS**

**MICHAEL G. NICHOLA,**

    **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. No. 71)**
>
> **FILED:**     **July 1, 2015**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff asks for leave to reopen its motion for summary judgment based on the recently located original Promissory Note. This original Promissory Note was requested by Defendant in discovery but not produced. Counsel for Plaintiff states that he asked the Department of Education ("Department") to produce the Promissory Note earlier, but the Department did not find it in a warehouse managed by a contractor in Texas until after my Report and Recommendation on the motion for summary judgment was issued on June 22, 2015 (Doc. No. 70).

The Court established January 20, 2015 as the date for filing dispositive motions. Doc. No. 55. Under Federal Rule of Civil Procedure 16(b)(4), the Court cannot reopen summary judgment

briefing at this time unless good cause to do so has been established. "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, (11th Cir. 1998). The Department has not shown that it exercised due diligence in locating the original Promissory Note because it appears that it has always been in the care, custody and control of one of the Department's contractors and could have been found and produced earlier.

Additionally, genuine issues of material fact remain even if the Court permitted belated submission of the original Promissory Note. These include the inability of the Court to determine that the Certificate of Indebtedness is correct in all respects in light of the misstatement therein of the entity that guaranteed the student loan at issue, and Defendant's testimony that the Promissory Note was returned to him after it was paid in full. *See* Doc. No. 70, at 3-5, 10.

Nevertheless, 28 U.S.C. § 636(b)(1) permits a party to file an objection to a Report and Recommendation within fourteen days after service. The presiding District Judge may receive further evidence in support of the objection. The presiding District Judge has broad discretion whether to consider new evidence presented for the first time in an objection to a Report and Recommendation. *See Travelers Home & Marine Ins. Co. v. Calhoun*, No. 5:13-cv-251-Oc-22PRL, 2014 WL 1328968, at * 2 (M.D. Fla. April 2, 2014). For these reasons, this order should not be construed as limiting Plaintiff's ability to request that the presiding District Judge accept new evidence presented in the form required by Federal Rule of Civil Procedure 56 in support of an objection to the Report and Recommendation.

**DONE** and **ORDERED** in Orlando, Florida on July 6, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE